*ish* as American. The plaintiffs indeed can have but one satisfaction ; but till they obtain that, they have a right to pursue their remedy against the effects of their bankrupt debtors in either country, or both at the same time." The court evidently regarded the question as one depending entirely on the *lex fori.* In *Wallace* v. *Patterson*, 2 *Har. & McHen.* 463, one of the firm who sued out the foreign attachment resided in England, where the bankrupt also resided, and yet the attachment was sustained. Martin, attorney general, for the defendant, admitted without qualification, that the English bankrupt laws did not extend their iufluence to Maryland. *Id.* 469.

I have thus looked into some general principles and cases other than *Abraham* v. *Plestoro*, lest I may have mistaken the force of the latter ; and I am entirely satisfied that whether we proceed upon such well settled rules of local law as are of obvious application, or upon direct authority derived from our own court of dernier resort, or upon authority in other American courts, we must hold that the defendants below, or rather Miller, acquired a complete title to the property in question by his purchase in Pennsylvania, which was not affected by his return into this state, and placing himself within reach of our process. We do not deny that had he proceeded in fraud of the statute he would have been liable. The mere fact of his having notice that proceedings were commenced, however, was not enough to fasten the charge of fraud upon him. There is no pretence that his claim was not legal and honest, nor that he did not proceed entirely with a view to his own security, doing as little injury to the other creditors as might be, without imparing his own claim. In truth, there is no doubt that both he and Johnson conferred a benefit upon the other creditors by a pursuit which must have been hopeless to them personally, thus satisfying liens which would otherwise have come against the general fuud.

[ *102 ]        *Without examining the minor exceptions taken in the court below, we are of opinion that the judgment must be reversed, and a *venire de novo* go from that court, the costs to abide the event.

---

## ANON.

Where a sheriff or other officer is in default for not returning an *attachment*, the court in *term time* will allow an attachment against such officer and appoint an *elizor* to serve the same ; and under peculiar circumstances will appoint such elizor residing in a county other than that in which the defendant in the process resides.

Where a new sheriff has come into offi ce, the process will be directed to him, and an elizor will not be appointed.

A MOTION was made for a non-bailable attachment against a coroner of

*Niagara* county, for not returning an attachment against the sheriff of that county, and it was also moved that an elizor residing in the county of *Albany*, be appointed to execute the process, in consequence of the difficulty of having process of this kind served in Niagara.

*By the Court.* The statute, 2 *R. S.* 537, § 17, authorizes the issuing of an attachment against a sheriff or other officer who makes default in return- ing, by the return day, an attachment delivered to him to be served, " upon the same being allowed by a judge of the court, or by some officer authorized to perform the duties of a judge, upon proof of such default." Notwithstand- ing the terms of the statute, the application may be made to the court in *term time*, and it is the most convenient course, as an *elizor* can be appointed only by the court. It is not necessary that the *elizor* should be a resident of the same county with the officer in default ; and under the circumstance attending the collection of debts for some time past in the county of *Niagara*, we will appoint an *elizor* residing in the county of *Albany*, to serve this process. Had a new sheriff come into office since the default, we would have ordered the attachment to be directed to him.

Ordered accordingly.

END OF JANUARY TERM.